IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK W. ALLEN,

    Petitioner,                      No. CIV S-10-2982 DAD P

    vs.

KATHLEEN DICKINSON,

    Respondent.                  ORDER

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

1  dismiss a petition for writ of habeas corpus at several stages of a case, including "summary
2  dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the
3  answer and petition are considered; or a dismissal after consideration of the pleadings and an
4  expanded record."

## BACKGROUND

On November 5, 2010, petitioner commenced this action by filing a petition for writ of habeas corpus. Therein, he alleges that the classification committee at his institution of confinement refuses to clear him for "minimum placement" based on his commitment offense. In petitioner's view, the committee's refusal amounts to a violation of his rights under the Fourteenth Amendment. (Pet. at 6A.)

## ANALYSIS

The petition pending before the court will be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief. Petitioner is advised that habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, petitioner does not challenge the legality of his conviction, a parole proceeding, or other adjudication that has led to his current incarceration. Rather, petitioner challenges the conditions of his confinement, specifically his classification status. Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Accordingly, petitioner is not entitled to habeas corpus relief, and this habeas action will be dismissed without prejudice to filing a civil rights action.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's November 5, 2010 motion to proceed in forma pauperis (Doc. No. 2) is granted;

2. Petitioner's November 5, 2010 application for writ of habeas corpus (Doc. No. 1) is dismissed without prejudice to filing a civil rights action; and

3. This action is closed.

DATED: March 8, 2011.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
alle2982.156